UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **MICHAEL DEYOUNG,**<br><br>                   **Plaintiff,**<br><br>v.<br><br>**WANDER AFRICA, INC,**<br><br>                   **Defendant.** | Civil Action No. 1:24-cv-21<br><br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

Plaintiff Michael DeYoung ("Plaintiff"), by and through his undersigned counsel, brings this Complaint against Defendant Wander Africa, Inc. ("Defendant"), for damages and injunctive relief, and in support thereof states as follows:

## SUMMARY OF THE ACTION

1. Plaintiff brings this action seeking injunctive and monetary relief for Defendant's intentional infringement of Plaintiff's copyrighted work.

2. Plaintiff seeks all remedies afforded by the Copyright Act, including preliminary and permanent injunctive relief, Plaintiff's damages and Defendant's profits from Defendant's infringing conduct, and other monetary relief.

## PARTIES

3. Plaintiff is an individual and resident of Taos, New Mexico.

4. On information and belief, Defendant Wander Africa, Inc. is a corporation formed under the laws of North Carolina, with its principal place of business at 107 Hilltop Road, Black Mountain, North Carolina 28711.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This court has subject-matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Defendant is subject to personal jurisdiction in North Carolina because its principal place of business is in North Carolina, and it conducts business in North Carolina.

8. Venue is proper in this district under 28 U.S.C. § 1400(a) because Defendant resides in this district. Venue is also proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant resides in this district and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## THE COPYRIGHTED WORK AT ISSUE

9. Plaintiff has been a professional travel and adventure photographer for over twenty years. His unique, high-quality images are in high demand and have been featured in publications such as Alaska Magazine and Alaska Backpacker Magazine.

10. Various organizations, including Norwegian Cruise Line and the Alaska Travel Industry Association, have commissioned Plaintiff to create adventure and travel photographs on their behalf.

11. Photographer Michael DeYoung created the photograph entitled MD_101012_VUT_ZNHB-29, which depicts an image of a hiker in Zion National Park (the "Zion Image"), in 2010. A true and correct copy of the Zion Image is attached hereto as **Exhibit A**.

12. The Zion Image is wholly original, and Plaintiff is the exclusive owner of all rights, title, and interest, including all rights under copyright, in the Zion Image.

13. Plaintiff is the owner of valid and subsisting United States Copyright Registration No. VAu 1-058-005 for the Zion Image, issued by the United States Copyright Office on January

28, 2011. Attached as **Exhibit B** is a true and correct copy of the registration certificate for Plaintiff's Registration No. VAu 1-058-005.

14. The Copyrighted Work is protected by copyright but is not otherwise confidential, proprietary or trade secrets.

## INFRINGEMENT OF THE IMAGE BY DEFENDANT

15. Defendant published, reproduced, and publicly displayed identical copies of the Zion Image by displaying the Zion Image on its website, https://wanderafrica.com, which it owned, operated, and controlled at all relevant times. Attached hereto as **Exhibit C** are screenshots of Defendant's website depicting Defendant's unauthorized use of the Zion Image.

16. Defendant displayed the Zion Image beginning in or before November 12, 2021 and continued displaying the Copyrighted Work until at least December 14, 2021.

17. Defendant has never been licensed to use the Zion Image for any purpose.

18. Defendant's use of the Zion Image is without Plaintiff's authorization, consent, or knowledge, and without any compensation to Plaintiff.

19. Defendant copied and distributed the Zion Image for the purpose of advertising and promoting its business, and in the scope and course of advertising its services.

20. Defendant's display of the Zion Image was repeated and continuous.

21. Upon information and belief, Defendant was aware that it was not authorized to use the Zion Image when it took it from the internet, and Defendant's infringement was therefore willful.

22. Defendant's post-notification conduct further demonstrates that Defendant acted willfully in infringing on Plaintiff's copyright in the Zion Image.

23. As a result of Defendant's actions described above, Plaintiff has been directly damaged by the unauthorized reproduction, publication, distribution and public display of the Zion Image.

24. Defendant has never accounted to or otherwise paid Plaintiff for its use of the Zion Image.

## COUNT ONE
### Federal Copyright Infringement
**(17 U.S.C. § 501)**

25. Plaintiff incorporates by reference paragraphs 1 through 24 hereof, as if fully set forth herein.

26. The Copyrighted Work is an original photograph containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101 *et. seq*.

27. Michael DeYoung owns a valid copyright registration for the Copyrighted Work. *See* Exhibit B.

28. Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, and public display of the Copyrighted Work without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in the Copyrighted Work in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

29. Defendant performed the acts alleged in the course and scope of its business activities.

30. On information and belief, Defendant's infringing conduct alleged herein was willful and with full knowledge of Plaintiff's rights in the Copyrighted Work and has enabled Defendant illegally to obtain profit therefrom.

31. As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to actual damages in an amount to be proven at trial.

32. Alternatively, pursuant to 17 U.S.C. § 504, Plaintiff is entitled to statutory damages for each separate infringement in an amount up to $150,000.00 if Defendant's infringement was willful or up to $30,000 if Defendant's infringement was unintentional.

33. The harm caused to Plaintiff has been irreparable.

34. Plaintiff attempted to settle the matter amicably and for a minimum of expense, while seeking to avoid incurring attorneys' fees and litigation expenses but was unable to do so.

35. Plaintiff further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

36. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyrights pursuant to 17 U.S.C. § 502.

## JURY DEMAND

37. Plaintiff hereby demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

1. Granting an injunction permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C.§ 502;
2. Requiring Defendant to pay Plaintiff its actual damages and Defendant's profits attributable to the infringement, or, at Plaintiff's election, statutory damages as provided in 17 U.S.C. § 504;
3. Awarding Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505;
4. Awarding Plaintiff pre and post-judgment interest; and

5. Awarding such other and further relief as the Court deems just and proper.

Dated: January 23, 2024					Respectfully submitted,

						/s/Katherine M. Kliebert____
						KATHERINE M. KLIEBERT
						NC Bar Number 42979
						Kliebert Law, PLLC
						*Attorneys for Plaintiff*
						1300 Baxter Street, Suite 153
						Charlotte, NC 28204
						Phone: 704-940-5581
						Fax: 704-940-5585
						Email: kate@kliebertlaw.com